## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,          )
425 Third Street S.W., Suite 800    )
Washington, DC 20024,        )
                           )
          Plaintiff,     )
                           )     Civil Action No.
v.                       )
                           )
U.S. DEPARTMENT OF       )
HOMELAND SECURITY,       )
Office of the General Counsel     )
2707 Martin Luther King Jr. Avenue SE  )
Mailstop 0485            )
Washington, DC 20528-0485,    )
                           )
          Defendant.   )
_____)

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to

inform them about "what their government is up to."

4.      Defendant U.S. Department of Homeland Security is an agency of the U.S.

Government and is headquartered at 245 Murray Lane S.W., Washington, DC 20528.  Defendant

has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On March 25, 2021, Plaintiff submitted a FOIA request to the U.S. Secret Service,

a component of Defendant, seeking access to the following records:

A.      All records, including but not limited to reports, telephone logs, witness
        statements, and memoranda, related to the reported purchase, possession,
        and disposal of a firearm owned by Hunter Biden found in a Delaware dumpster
        circa October 2018.

B.      All records of communications sent to and from USSS officials internally and
        with outside parties regarding the reported purchase, possession, and disposal of a
        firearm owned by Hunter Biden found in a Delaware dumpster circa October
        2018 referenced in Bullet [A].

6.      By letter dated April 2, 2021, the Secret Service informed Plaintiff that the Secret

Service had conducted a reasonable search for all potentially responsive records and that records

were located.  The Secret Service also stated that it was processing the responsive records

identified in connection with that search, that the records would be processed in accordance with

FOIA, and that the records would be mailed to Plaintiff upon completion of the processing.

7.      As of the date of this Complaint, the Secret Service has failed to (i) produce the

requested records or demonstrate that the requested records are lawfully exempt from

production; (ii) notify Plaintiff of the scope of any responsive records the Secret Service intends

to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8.      Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.      Defendant is in violation of FOIA.

10.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

11.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by April 30, 2021, at the latest. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

//

Dated: September 19, 2022

Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*